BHBH LLC v Three of Us Corp. (2023 NY Slip Op 02059)

BHBH LLC v Three of Us Corp.

2023 NY Slip Op 02059

Decided on April 20, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 20, 2023

Before: Oing, J.P., González, Shulman, Higgitt, JJ. 

Index No. 150248/22 Appeal No. 84 Case No. 2022-04298 

[*1]BHBH LLC, Plaintiff-Appellant,
v
Three of Us Corporation Doing Business as The New York Conservatory for Dramatic Arts, Defendant, Stanley Nasberg, Defendant-Respondent.

Connell Foley LLP, New York (Brian P. Morrissey of counsel), for appellant.
Greenberg Traurig, LLP, New York (Cory M. Gray of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered September 26, 2022, which, insofar as appealed from, which granted defendant Stanley Nasberg's motion to dismiss the complaint as against him, unanimously affirmed, without costs.
Plaintiff failed to state a cause of action for a money judgment as against Nasberg for monetary obligations under the lease and guaranty, since the complaint does not allege the existence of an independent guaranty executed by Nasberg for plaintiff's benefit (see CPLR 3211[a][7]). Plaintiff neither attached an independent guaranty as an exhibit to its papers opposing the motion, nor did it supply an affidavit attesting that an independent guaranty exists. Furthermore, although plaintiff attached the term sheet signed by Nasberg, defendant David Palmer, and the decedent's estate, the term sheet neither establishes nor contradicts the existence of a potential guaranty running from Nasberg to plaintiff. Rather, the term sheet merely states that if Nasberg were to exercise his option to buy Palmer and the estate out of their ownership interest in defendant tenant Three of Us Corporation, then he would indemnify them from any later guaranty obligations that they incurred. Any obligation by Nasberg would therefore have to flow through Palmer or the estate as guarantors themselves. Thus, the term sheet does not meet the requirements for an enforceable written guaranty running from Nasberg to plaintiff (see General Obligations Law § 5-701).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 20, 2023